UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

TANISHA COLEY

V.                                           CASE NO. 3:17 CV 3 (AWT)

GGL, LLC d/b/a KIA OF STAMFORD

PLAINTIFF'S MEMORANDUM SUPPORTING
JUDGMENT AGAINST GGL UPON SETTLEMENT

On February 15, 2017, the parties unconditionally agreed to settle this matter by payment of $4,500 to plaintiff's counsel. On February 22, 2017, defense counsel represented that his office was "just waiting on receipt of funds." Payment has not been received some three months after the settlement agreement. Accordingly, an enforceable judgment should enter summarily for purposes of enforcing the agreement.

THE AGREEMENT IS ENFORCEABLE BY JUDGMENT SUMMARILY

There is a strong public policy to encourage settlements and thereby avoid wasteful litigation. "Should a court system awash in backlog delay further the disposition of a case where there is convincing proof that a settlement has been reached?" Janneh v. GAF Corp., 887 F. 2d 432 (2d Cir. 1989). "As any litigator or judge can attest, the best case is a settled case....In a very real sense, all of the parties -- and the court as an institution -- win when litigation is settled amicably short of trial." Mathewson Corp. v. Allied Marine Ind., Inc., 827 F.2d 850, 852, 857 (1st Cir. 1987).

"Agreements that end lawsuits are contracts, sometimes enforceable in a subsequent suit, but in many situations enforceable by entry of a judgment in the original suit." Janus Films, Inc. v. Miller, 801 F.2d 578, 583 (2d Cir. 1986).

Settlement agreements are favored by the courts, which have inherent power to enforce such agreements summarily, even if they are not reduced to writing. Meetings & Expositions, Inc. v. Tandy Corp., 490 F.2d 714, 717 (2d Cir. 1974).

The agreement in this case was made and confirmed by e-mail. No further writing was needed to effectuate it. Massey v. Town of Branford, 115 Conn. App. 153, 164, 971 A.2d 838 (2009); Aquarion Water Co. v. Beck Law Prods. & Forms, LLC, 98 Conn. App. 234, 239, 907 A.2d 1274 (2006); Dyer v. Bilaal, 983 A.2d 349, 359 (D.C. 2009); Dependahl v. Falstaff Brewing Co., 448 F. Supp. 813 (E.D. Mo. 1978); Read v. Baker, 438 F. Supp. 737 (D. Del. 1977). Summary enforcement is the norm. Meetings & Expositions, Inc., 490 F.2d at 717.

In Connecticut it is clear that, in accord with federal precedent, the Court is authorized to summarily enter judgment in accordance with a settlement agreement. Audubon Assoc. Ltd. Partnership v. Barclay & Stubbs, 225 Conn. 804, 626 A.2d 729 (1993):

> A trial court has the inherent power to enforce summarily a settlement agreement as a matter of law when the terms of the agreement are clear and unambiguous. *Gatz v. Southwest bank of Omaha,* 836 F.2d 1089, 1095 (8th Cir. 1988); see also J. Fischer, "Enforcement of Settlements: A Survey," 27 Tort & Ins. L.J. 82, 92 (1991). "Agreements that end lawsuits are contracts, sometimes enforceable in a subsequent suit, but in many situations enforceable by entry of a judgment in the original suit. A court's authority to enforce a settlement by entry of judgment in the underlying action is especially clear where the settlement is reported to the court during the course of a trial or other significant courtroom proceedings." *Janus Films, Inc. v. Miller*, 801 F.2d 578, 583 (2d Cir. 1986); see also *Janneh v. GAF Corporation*, 887 F.2d 432, 436-37 (2d Cir.1989), cert. denied, 498 U.S. 865, 111 S.Ct. 177, 112 L.Ed.2d 141 (1990); *Meetings & Expositions, Inc. v. Tandy Corporation*, 490 F.2d 714, 717 (2d Cir. 1974).
>
> In *Janus Films, Inc. v. Miller, supra,* 583, Judge Newman, writing for the majority of the Second Circuit Court of Appeals, noted the important policy behind a court's power to enforce summarily a settlement agreement: "Due regard for the proper use of judicial resources requires that a trial judge proceed with entry of a settlement

>judgment after affording the parties an opportunity to be heard as to the precise content and wording of the judgment, rather than resume the trial and precipitate an additional lawsuit for breach of a settlement agreement. This authority should normally be exercised whenever settlements are announced in the midst of a trial."
>
>Summary enforcement is not only essential to the efficient use of judicial resources, but also preserves the integrity of settlement as a meaningful way to resolve legal disputes. When parties agree to settle a case, they are effectively contracting for the right to avoid a trial. "The asserted right not to go to trial can appropriately be based on a contract between the parties*." Janneh v. GAF Corporation, supra*, 436. "The essence of that right [cannot] be vindicated effectively after the trial has occurred." Id. To hold that a jury trial is a necessary predicate to enforcement of a settlement agreement would undermine the very purpose of the agreement. We hold that a trial court may summarily enforce a settlement agreement within the framework of the original lawsuit as a matter of law when the parties do not dispute the terms of the agreement. The defendants did not have a right to a jury trial in this case and the trial court properly rendered judgment in accordance with the settlement contract.

Id. at 811-12.

Once an agreement is reached, the parties cannot rescind the same. Kelly v. Greer, 365 F.2d 669 (3d Cir. 1966). The Court enforces the agreement because the parties are bound by its terms. Kohl Indus. Park v. County of Rockland, 710 F.2d 895, 903-04 (2d Cir. 1983). "[A] litigant can no more repudiate a compromise agreement than he could disown any other binding contractual relationship." Dacany v Mendoza, 573 F.2d 1075, 1078 (9th Cir. 1978).

"Courts are wary of disturbing settlements, because they represent compromise and conservation of judicial resources, two concepts highly regarded in American jurisprudence." Anita Foundations v. ILGWU Nat'l Retirement F., 902 F.2d 185, 190 (2d Cir. 1990).   It is beyond a court's discretion to add to or alter the terms or refuse to enforce a settlement, absent special circumstances not present here, such as illegality or fraud.  In re Air Crash Disaster, 687 F.2d 626 (2d Cir. 1982).  No special circumstances exist here.

CONCLUSION

The Court should enter judgment for plaintiff against defendant for $4,500 plus $500 attorney's fees as requested. This is a fee-shifting case and defendant caused plaintiff to incur additional fees. Courts have inherent power to grant attorneys fees for failure to honor a settlement agreement. Schmidt v. Zazzara, 544 F.2d 412, 414-15 (9th Cir. 1976).

THE PLAINTIFF

By____/s/ Joanne S. Faulkner

Joanne S. Faulkner ct04137
123 Avon Street
New Haven CT 06511
(203) 772-0395

Certificate of Service

I hereby certify that on April 13, 2017, a copy of foregoing was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

___/s/ Joanne S. Faulkner___
JOANNE S. FAULKNER ct04137
123 Avon Street
New Haven, CT 06511-2422
(203) 772 0395
j.faulkner@snet.net