# EXHIBIT 2

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TANISHA COLEY | NO.: 3:17 CV 3 (AWT) |
| v. | |
| GGL, LLC D/B/A KIA OF STAMFORD | FERUARY 16APRIL 12, 2017 |

## SETTLEMENT AGREEMENT

This settlement agreement (hereinafter, the "Agreement") is entered into this 16th day of February, 2017, by and between Ms. Tanisha Coley ("Coley"), an individual and resident of the State of Connecticut; Mr. Roger W. Sing ("Sing"), an individual and resident of the State of Connecticut; and GGL, LLC ("GGL"), a Connecticut limited liability company with a place of business located at 263 Selleck Street, Stamford, Connecticut. Coley, Sing and GGL are hereinafter collectively referred to as the "Parties" unless specifically identified by name.

**WHEREAS,** on or about January 4, 2017, Coley filedcommenced a civil action captioned "Tanisha Coley v. GGL, LLC d/b/a Kia of Stamford" filed within in the United States District Court for the District of Connecticut, and bearing docket number 3:17-cv-3 (AWT) (hereinafter the "Action"); which, *inter alia*, alleges certain actions undertaken by GGL with respect to Coley and Sing's potential acquisition of a used motor vehicle beginning on December 1, 2016 and continuing through the date of this Agreement (hereinafter the "Claims");

**WHEREAS,** notwithstanding the various claims asserted within the Action, the Parties, collectively and individually, desire to settle any and all Claims that were or could have been asserted therein without the uncertainty and expense of further

litigation ~~of their respective claims~~ and, <u>therefore</u> ~~in consideration of such settlement and compromise,~~ recite the following:

    1.    <u>Settlement Consideration</u>: ~~In consideration of the Parties' settlement, both~~ GGL shall tender <u>to</u>~~care of~~ "Joanne S. Faulkner, Esq. as Trustee" the sum of Four Thousand Five Hundred Dollars and Zero Cents ($4,500.00) in good funds ~~with said funds delivered payable in accordance with instruction received from counsel for Coley.~~

    2.    <u>No Admission of Liability</u>: The Parties have agreed to the terms of this Agreement without any admission, ~~express or implied,~~ of liability ~~or the truthfulness of any of the allegations stated within either the Action and/or Claims. Each of the Parties reserves any and all rights to dispute and/or contest any such allegations in the event of any future proceedings relating to the subject matter of this Agreement (if any).~~

    ~~2.~~<u>3</u>.    <u>Dismissal of Action with Prejudice; Costs</u>: ~~The Parties agree and stipulate that U~~<u>U</u>pon execution of this Agreement and <u>payment</u>~~tender~~ of the Settlement Consideration ~~in accordance with section 1, above,~~ Coley shall file a voluntary dismissal of the Action with prejudice and without costs <u>or fees</u> to any party. ~~The Parties further agree that each shall be responsible for payment of its/ their own legal fees and costs incurred as a result of the Action.~~

    4.    <u>Release</u>: Coley and Sing, ~~individually and collectively,~~ for themselves and their successors and assigns, does hereby release, ~~remise, acquit and forever discharge~~ GGL, and each of its ~~subsidiaries and affiliates, and all~~ employees, ~~agents, representatives, consultants, attorneys,~~ officers, directors, ~~partners, fiduciaries,~~

~~predecessors, successors and assigns of the foregoing including, but not limited to, any and all third party financing entities, lenders and/or banking institutions (collectively, the "Released Parties")~~ from any ~~and all~~ claims ~~they may now have, of any nature whatsoever, whether known or unknown, which are hereby expressly and irrevocably waived and released. Coley and Sing hereby release and forever discharge Released Parties from any and all rights, claims, demands, actions,~~ and causes of actions, ~~suits, proceedings, agreements, contracts, judgments, damages, debts, costs, expenses, promises, agreements, duties, liabilities, or obligations, whether in law or in equity, known or unknown, choate or inchoate,~~ which Coley and/or Sing has or have had~~, now has or have, or hereafter may have, arising under or in any manner~~ relating to_~~, whether directly or indirectly, the Claims,~~ the Action._~~and/or any transactions contemplated by any of the relationship of the Parties.~~ Coley and Sing each~~, individually and collectively,~~ represents ~~and warrants~~ that each she~~, he or they~~ ha<u>s</u>~~ve~~ not ~~purported to transfer, assign or otherwise~~ convey<u>ed</u> any of their ~~right, title or~~ interest in any matter released hereby to any other person.

5. ~~Successors, Heirs and Assigns Bound by Agreement: Wherever in this instrument the Parties, individually and collectively, are designated or referred to, such designation or reference is intended to include and shall include the respective heirs; heirs-at-law; next of kin; executors; administrators; guarantors; personal or legal representatives; successors; assigns; and all past, present, and future officers, directors, shareholders, stockholders, attorneys, agents, servants, representatives, employees, assigns, subsidiaries, affiliates, agencies, parents, partners, and predecessors and successors in interest as the case may be, as if such words had~~

3

~~been inserted after each and every such designation or reference herein. All terms, covenants and conditions of this instrument shall inure to the benefit of, and shall bind, the respective parties hereto and their respective heirs; heirs-at-law; next of kin; executors; administrators; personal or legal representatives; successors; assigns; and all past, present, and future officers, directors, shareholders, stockholders, attorneys, agents, servants, representatives, employees, assigns, subsidiaries, affiliates, agencies, parents, partners, and predecessors and successors in interest.~~

6. <u>Governing Law</u>: This instrument shall be construed and enforced in accordance with the laws of the State of Connecticut<u>.</u>

~~, without regard to principles of conflicts of law and provisions of this instrument may be enforced in any court of competent jurisdiction, and this instrument may be enforced, or any breach of this instrument may be remedied, by any and all remedies available, including injunctive and prejudgment relief as well as any other appropriate remedies at law or in equity.~~

7. <u>Entire Agreement</u>: The Parties hereto agree ~~and acknowledge~~ that this Agreement <u>is</u>~~consists of~~ the entire Agreement between the Parties<u>.</u>

~~and that there are no other representations, covenants, warranties or promises regarding the subject matter set forth herein between the Parties hereto as of the date of this Agreement.~~

8. <u>Amendment</u>: The terms of this Agreement may not be ~~changed, modified, waived, discharged,~~ amended <u>except</u>~~or terminated orally, but only by an~~ <u>in writing</u> instrument ~~or instruments in writing,~~ signed by the Party(ies) against whom the ~~enforcement of the change, modification, waiver, discharge, amendment or termination~~

4

~~is asserted.~~

9.  Severability: ~~If, from any circumstances whatsoever, fulfillment of any provision of this Agreement or any related transaction at the time performance of such provision shall be due, shall involve transcending the limit of validity presently prescribed by any applicable statutory authority or any other applicable law, with regard to the obligations of like character and amount, then ipso facto, the obligation to be fulfilled shall be reduced to the limit of such validity.~~ If any clause ~~or provision operates or would prospectively operate to~~ invalidates this Agreement, ~~in whole or in part,~~ then such clause ~~or provision~~ only shall be deemed deleted, ~~as though not contained herein,~~ and the remainder of this Agreement shall remain operative and in full force and effect.

10. ~~Construction of Agreement: Each of the Parties hereto acknowledges that it has participated in the negotiation of this Agreement and no provision shall be construed against or interpreted to the disadvantage of any party hereto by any court or other governmental or judicial authority by reason of such party having or being deemed to have structured, dictated or drafted such provision. The Parties at all times have had access to legal counsel in the negotiation of the terms of and in the preparation and execution of this Agreement. The Parties have had the opportunity to review and analyze this Agreement for a sufficient period of time prior to execution and delivery. No representations or warranties have been made by or on behalf of the Parties or relied upon by the Parties pertaining to the subject matter of this Agreement other than those set forth within this Agreement. All prior statements, representations and warranties, if any, are totally superseded and merged within this Agreement,~~

5

~~which represents the final and sole agreement of the parties with respect to the subject matter contained herein. All of the terms of this Agreement were negotiated at arm's length, and this Agreement was prepared and executed without fraud, duress, undue influence or coercion of any kind exerted by any of the parties upon the other. The execution and delivery of this Agreement is the free and voluntary act of the Parties.~~

11. <u>Counterparts</u>: This Agreement may be executed ~~in any number of counterparts and by the Parties hereto~~ in separate counterparts, ~~each of which when so executed and delivered shall be deemed to be an original and all of which taken together as a whole shall constitute but one and the same instrument.~~ Each party may rely upon a facsimile signature of each other party hereto as if it were an original.

IN WITNESS WHEREOF, the <u>P</u>~~p~~arties ~~hereto~~ have <u>signed</u> ~~executed or caused~~ this Agreement ~~to be executed under seal~~ as of the date first above written.

Tanisha Coley

_____

~~STATE OF CONNECTICUT       :~~
                                                : ss: _____
~~COUNTY OF _____ :~~

~~On this the ___th day of April, 2017, before me, the undersigned officer, personally appeared Tanisha Coley, known to me or satisfactorily proven to be the person who executed the foregoing, who acknowledged that she executed the foregoing instrument for the purposes contained therein and such act was her free act and deed~~

_____
_____
                                                    ~~Notary Public~~
                                                    ~~My Commission Expires:~~

~~Roger W. Sing~~

_____

~~STATE OF CONNECTICUT~~           :
                                   :  ~~ss:~~  _____
~~COUNTY OF_____~~ :

~~On this the ____th day of April, 2017, before me, the undersigned officer, personally appeared Roger W. Sing, known to me or satisfactorily proven to be the person who executed the foregoing, who acknowledged that he executed the foregoing instrument for the purposes contained therein and such act was his free act and deed~~

_____
_____      _____
                                                ~~Notary Public~~
                                                ~~My Commission Expires:~~

4812-1837-9590, v. 1