UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TANISHA COLEY | : | NO.: 3:17 CV 3 (AWT) |
| | : | |
| v. | : | |
| | : | |
| GGL, LLC D/B/A KIA OF STAMFORD | : | MAY 11, 2017 |

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT

The defendant, GGL, LLC d/b/a Kia of Stamford (the "Defendant") hereby submits this opposition and objection to the motion to enforce settlement agreement (Doc. ID # 10) filed on April 13, 2017 (the "Motion") filed by the plaintiff, Tanisha Coley (the "Plaintiff"). In support of this opposition, Defendant respectfully submits that, although the parties have agreed to the sum of monetary consideration required to settle Plaintiff's claims, there is no agreement or meeting of the minds as to the form of the release to be employed to consummate such settlement. As such, Defendant submits that, upon the authorities cited herein, there is no settlement agreement capable of summary enforcement under applicable law and Plaintiff's Motion must be denied.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff commenced the present action by filing a complaint asserting two causes of action on January 3, 2017 (Doc. ID # 1). Plaintiff's complaint asserts a claim for statutory damages pursuant to the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*, and a state law claim under the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a, *et seq.*

Subsequent to the filing of the Complaint, on January 7, 2017, Plaintiff filed an amended complaint (Doc. ID # 6) which is the current operative complaint. Service of the operative complaint was made on Defendant on or about January 30, 2017 and a notice of appearance by undersigned counsel was filed on behalf of Defendant (Doc. ID # 7). As a result of discussions between counsel, a settlement demand issued by Plaintiff was accepted by Defendant shortly thereafter as to the consideration amount to be paid for resolution of Plaintiff's claims[1]. A notice of settlement pending receipt of payment was filed by Plaintiff as a result (Doc. ID # 9).

Thereafter, discussions between counsel continued regarding the form and scope of the settlement terms with each party, respectively, declining to agree to the terms proposed by the other notwithstanding additional discussion as to the monetary consideration for resolution of Plaintiff's claims and drafting of various forms of releases/ settlement agreements having been undertaken (see, i.e., Affidavit of Counsel; Doc. ID # 12). On April 13, 2017, Plaintiff filed its Motion seeking to enforce the terms of the settlement agreement which, from Defendant's perspective, was only half completed as of that date due to the lack of agreement as to the scope and terms of the release/ agreement to be employed to consummate the settlement.

Since such date, Defendant has declined to accept the form and scope of release proposed by Plaintiff and Plaintiff has declined to accept the form and scope of release proposed by Defendant. Accordingly, Defendant opposes and objects to the

---

[1] The affidavit in support of status report submitted by undersigned counsel on April 24, 2017 details some of the myriad of communications regarding the settlement negotiations between counsel.

2

relief sought within Plaintiff's Motion and submits that there is no settlement agreement capable of summary enforcement by this honorable Court.

## LEGAL STANDARD

In prior consideration of a litigant's motion to enforce a settlement agreement the judges and magistrates of the District of Connecticut have frequently stated,

> [u]nder Connecticut law, the enforceability of a settlement agreement is determined using general principles of contract law. *Omega Engineering, Inc. v. Omega, S.A.,* 432 F.3d 437, 443 (2d Cir.2005). A contract is binding if the parties have mutually assented to the terms, *id.,* and where the terms of the agreement are "clear and unambiguous." *Audubon Parking Assoc. Ltd. P'ship v. Barclay & Stubbs, Inc.,* 225 Conn. 804, 811, 626 A.2d 729 (1993). So long as there is mutual assent, it is irrelevant whether the parties have actually signed an agreement. *Omega Engineering,* 432 F.3d at 443 (citing *Schwarzschild v. Martin,* 191 Conn. 316, 321–22, 464 A.2d 774 (1983)). Where a settlement agreement has not been signed, Connecticut courts determine whether there has been mutual assent using a three-part test. *Id.* "The parties' intent is determined from the (1) language used, (2) circumstances surrounding the transaction, including the motives of the parties, and (3) purposes which they sought to accomplish." *Id.* (citing *Klein v. Chatfield,* 166 Conn. 76, 80, 347 A.2d 58 (1974)). "The intention of the parties manifested by their words and acts is essential to determin [ing]" whether the parties entered into a settlement agreement. (Citations and quotations in original.) Brandt v. MIT Dev. Corp., 552 F. Supp. 2d 304, 319 (D. Conn. 2008), order clarified on reconsideration, No. CIV.A. 301CV1889SRU, 2008 WL 2230152.

## ARGUMENTS AND LAW

Defendant submits that, notwithstanding the agreement to tender a sum for resolution of the pending action, there is no enforceable settlement agreement under well-established and accepted Connecticut law. As referenced by this Court on multiple occasions and by the Second Circuit in Omega, *supra*, a settlement agreement is interpreted in accordance with the rules of contract generally and all provisions of the agreement must be understood and agreed to by the parties to be

3

bound to form a clear and unambiguous meeting of the minds. This has never occurred in this matter.

In its consideration of a motion to enforce a settlement agreement, The Connecticut Appellate Court has stated, "[a] contract is unambiguous when its language is clear and conveys a definite and precise intent.... In contrast, a contract is ambiguous if the intent of the parties is not clear and certain from the language of the contract itself.... If the language of the contract is susceptible to more than one reasonable interpretation, the contract is ambiguous." Santos v. Massad-Zion Motor Sales Co., Inc., 160 Conn. App. 12, 18 (2015). The Court further stated in Santos, "[n]umerous Connecticut cases require definite agreement on the essential terms of an enforceable agreement." Santos v. Massad-Zion Motor Sales Co., Inc., 160 Conn. App. 12, 19 (2015).

The Court further goes on to state in Santos, "[i]n the present case, the plaintiff and defendants disputed how the confidentiality provision was to be executed and the level of detail it required. To the plaintiff, the execution of the confidentiality provision was ministerial—a mere formality. To the defendants, the confidentiality provision was to be a more nuanced and fastidious effort to protect the defendants' privacy interests with, most notably, an articulated enforcement mechanism." Santos v. Massad-Zion Motor Sales Co., Inc., 160 Conn. App. 12, 24 (2015).

More recently, the Connecticut Appellate Court has stated, "[t]here appear to be two limits on a court's power to resolve factual disputes en route to summarily enforcing a release of claims, namely, that the agreement at issue must: (1) be an agreement to settle the litigation; and (2) clearly and unambiguously set forth all of its

4

material terms." Matos v. Ortiz, 166 Conn. App. 775, 803 (2016). The Court then went on to state, "[i]n nearly every case in which this court has denied *Audubon* enforcement, we have done so because the alleged agreement failed to set forth clearly and unambiguously all of its material terms." Matos v. Ortiz, 166 Conn. App. 775, 804 (2016).

The matter at bar is factually on point with the Santos case in that a necessary provision of the settlement has never been agreed to by either party is the scope and form of the release to be provided to Defendant. There have been multiple drafts of releases and settlement agreements prepared by respective counsel but never have both Plaintiff and Defendant agreed to the terms of any single draft of the release and/or settlement agreement. Absent a concrete and unequivocal meeting of the minds of both parties as to that necessary component of the settlement, which for enforcement purposes is factually identical to the disputed confidentiality clause in Santos, there was no agreement which is capable of summary enforcement by the Court under Connecticut law.

## CONCLUSION

Although Defendant and its counsel desire to see this matter resolved without further use of the Court's, parties' or respective counsel's time, it is clear that the terms of the agreement sought to be summarily enforced have never been agreed to by both parties and Plaintiff's Motion is premature. Simply stated, the scope and form of the release of claims which is the foundation of the actual consideration for Defendant's agreement to resolve this matter has never been agreed to yet has always has been a requirement for payment of the agreed settlement sum.

As the matter stands, there is no settlement agreement capable of summary enforcement due to the lack of contractual definiteness on the scope and form of the required release of claims. That being said, it is still the belief of undersigned counsel that this matter will be resolved short of further Court involvement but additional time is necessary to perfect the form of either a release and/or settlement agreement before this can occur. Accordingly, the Plaintiff's Motion must be denied.

      DEFENDANT – GGL, LLC D/B/A KIA OF STAMFORD

      By  /s/ Andrew P. Barsom
         Andrew P. Barsom – ct27594
         abarsom@sgllawgroup.com

      Seiger Gfeller Laurie LLP
      977 Farmington Ave. / Suite 200
      West Hartford, CT 06107
      T: 860-760-8400 / F: 860-760-8401
      Its Attorneys

## CERTIFICATION OF SERVICE

I hereby certify that on May 11, 2017, a copy of the foregoing status report and attached affidavit was filed electronically through the Court's CM/ECF filing portal and therefore served electronically or by mail on anyone unable to accept electronic filing.

By  /s/ Andrew P. Barsom
Andrew P. Barsom – ct27594
abarsom@sgllawgroup.com